BELMONT COUNTY—AUGUST TERM, 1817.

BELMONT.
August, 1817.

Ohio
v.
Spring.

PRESENT—TAPPAN, *President;* WILEY AND BRYSON, *Associates.*

## OHIO VS. SPRING.

A quantity of counterfeit bills having been discovered concealed in a saddle near which the prisoner was seen under suspicious circumstances, it is competent and proper for the prosecution to prove that if he had such bills, his fears were sufficiently excited to endeavor to conceal them.

Being recognized by a former acquaintance, who had seen him publicly whipped for counterfeiting, might induce such fear; proof of such fact is, therefore, admissible.

INDICTMENT, for forgery.

It appeared in evidence, that on the 23d of June last, at about an hour and an half before sun-down, the prisoner came to a public house in St. Clairsville; his arrival in town, was noticed by several people who had long suspected him to be engaged in passing counterfeit bank notes, and they agreed to arrest and search him without warrant: they went to the house where the prisoner was, after dark, and searched him; they found a one hundred dollar bill, a counterfeit, in his pocket book. Learning that he had risen from the supper table, in some haste, before the other company, and had went into a dark room with his saddle bags, they proceeded to search that part of the house, and found in a closet near where he was seen in the room, between the tree and pad of a woman's saddle, a roll of counterfeit bills, about $400. It was also in evidence, that before the prisoner sat down to supper, two men, Walker and Farwell, came into the room where he was sitting, and addressed him as former acquaintance; and that the prisoner appeared to know one of them.

The counsel for the state then offered to prove, that Spring had been publicly whipped, ten years ago, in the state of Vermont, on a charge of counterfeiting; that Walker and Farwell were from the same state, and at the time when the prisoner was arrested and punished there, lived in the same town with the prisoner, for the purpose of shewing that the prisoner had reason to be alarmed at being recognized by them.

BELMONT.
August, 1817.
—
Ohio
v.
Spring.

JENNINGS and HAMMOND for the state.

GOODENOW and WRIGHT, for the prisoner, objected, and urged that it was an attempt to prove matter of record by parole.

PRESIDENT.—If the prisoner at the bar, has been convicted of any crime, there is record evidence of such conviction, and it would not be competent to prove such fact by parole. But this is not what is offered here. To strengthen the inference from the facts already in evidence, that the roll of counterfeit bills was concealed in the saddle by the prisoner, the prosecution propose to prove, that he had a motive, a reason, for concealing the bills, if he had them in possession when he came to the public house, which reason was, that he was recognized by men who had seen him in a suspicious situation, and who would be likely to excite suspicions of him as a counterfeiter, and would, perhaps, endanger his being searched. It is not disputed, but that it is competent for the prosecution to prove facts and circumstances from which it may be inferred that the prisoner concealed the bills in question; that he was near the place of concealment, is in evidence; whether he has accounted for it in any way, is for the jury to consider; and certainly it may be accounted for, either by the prisoner or the prosecution; by the former, by shewing the why and the wherefore he was in that situation; by the latter, by shewing that he could have no other motive than to conceal something, and that he had a strong inducement to conceal counterfeit paper at that particular time, if he had it about him. The weight of this evidence is not now to be determined; it is sufficient that it is relevant to the proof of a material fact in the case.

Suppose it was offered to be proved, that the prisoner had been found possessed of a large quantity of counterfeit notes, or of tools for counterfeiting, some ten years ago, in Vermont, and when discovered, that he had fled from that part of the country, would it not be competent to prove that he recognized a person who knew these facts, and might disclose them?

There is no record of a man's being whipped, for the record of his sentence does not conclude that such sentence was inflicted; so that the evidence offered, is clear of the objection raised to it. Witness admitted.

The prisoner was convicted, and sentenced to the penitentiary for fourteen years.